FILED
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NATIONAL ASSOCIATION OF
INDUSTRIAL BANKERS, et al.,

    Plaintiffs - Appellees,

v.

PHILIP J. WEISER, in his official capacity
as Attorney General of the State of
Colorado, et al.,

    Defendants - Appellants.

------------------------------

STATE OF ARIZONA, et al.,

    Amici Curiae.

No. 24-1293
(D.C. No. 1:24-CV-00812-DDD-KAS)
(D. Colo.)

_____

**ORDER**

_____

Before **HOLMES**, Chief Judge, **HARTZ**, **TYMKOVICH**, **BACHARACH**,
**PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, **CARSON**, **ROSSMAN**, and **FEDERICO**,
Circuit Judges.[1]

_____

This matter is before the court on Appellees' *Petition for Rehearing En Banc*

(Petition) and *Defendants-Appellants' Response to Petition for Rehearing En Banc*

(Response). The Petition and Response were circulated to all non-recused active judges

---

[1] The Honorable Scott M. Matheson, Jr. is recused in this matter.

of the court. A poll was called, and a majority of the non-recused active judges voted to rehear this matter en banc. Accordingly, the Petition is GRANTED, the court's November 10, 2025 judgment is VACATED, the issuance of the mandate is STAYED, and this matter is REOPENED. *See* Fed. R. App. P. 40(c); *see also* 10th Cir. R. 40.2(E) (noting the effect of the grant of rehearing en banc).

The pending motions for leave to file amicus briefs are GRANTED. All amicus briefs submitted in connection with the court's consideration of whether to grant en banc rehearing will be filed as of the date they were submitted.

The parties shall file supplemental briefs addressing the following questions and any other issues raised in the Petition:[2]

1.  Does the phrase "loans made in such State" in Section 525 of the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDMCA) refer to "an executed loan" and encompass "loans in which either the lender *or* the borrower is located in the opt-out state"? *Nat'l Ass'n of Indus. Bankers v. Weiser*, 159 F.4th 694, 714 (10th Cir. 2025).

2.  How, if at all, should the reference in Section 521 of DIDMCA to "the State . . . where the bank is located" inform the meaning of "loans made in such State" in Section 525?

---

[2] The scope of the en banc proceedings in this matter is limited to the issues raised in the Petition and the supplemental briefing questions identified above; the en banc court will not reconsider whether the Banks have a valid cause of action for a claim in equity under *Ex parte Young*, 209 U.S. 123 (1908).

3. How, if at all, is DIDMCA's enactment history instructive to interpreting the phrase "loans made in such State"?

4. How, if at all, is the regulatory guidance instructive to interpreting the phrase "loans made in such State"?

5. Is the phrase "loans made in such State" ambiguous?

6. Does a presumption against preemption apply in this case?

Appellees' supplemental brief shall be filed within 30 days of the date of this order. That brief shall be no longer than thirty double-spaced pages in a 13- or 14-point font. Sixteen paper copies of Appellees' supplemental brief must be received in the Clerk's Office within five business days of notification that the brief has been accepted for electronic filing.

Within thirty days of service of Appellees' supplemental brief, Appellants shall file a supplemental response brief that may be no longer than thirty double-spaced pages in a 13- or 14-point font. Sixteen paper copies of Appellants' supplemental brief must be received in the Clerk's Office within five business days of notification that the brief has been accepted for electronic filing.

Within 14 days of service of Appellants' supplemental brief, Appellees may file a supplemental reply brief. The supplemental reply brief may be no longer than fifteen double-spaced pages in a 13- or 14-point font. Sixteen paper copies of the supplemental reply brief must be received in the Clerk's Office within five business days of notification that the brief has been accepted for electronic filing.

Amicus participation is encouraged.

Entered for the Court,

Per Curiam