No. 24-1293

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

PHILIP J. WEISER, in his official
capacity as Attorney General of
the State of Colorado, and
MARTHA FULFORD, in her official
capacity as Administrator of the
Colorado Uniform Consumer
Credit Code,

        *Defendants-Appellants*,

v.

AMERICAN FINTECH COUNCIL,
NATIONAL ASSOCIATION OF
INDUSTRIAL BANKERS, and
AMERICAN FINANCIAL
SERVICES, ASSOCIATION,

        *Plaintiffs-Appellees*.

## APPELLEES' MOTION FOR
## EXTENSION OF TIME TO FILE SUPPLEMENTAL BRIEF

Pursuant to Federal Rule of Appellate Procedure 27 and 10th Circuit Rule 27.6, Appellees respectfully request a 24-day extension of time to file their Supplemental Brief. In granting rehearing en banc, the Court ordered Appellees to file a supplemental brief within 30 days, or

1

by May 4, 2026 (Dkt. 162). Appellees request an extension of that deadline to May 28, 2026.

Appellees have not previously requested an extension of time to file this brief. Appellees conferred with Appellants about submitting a mutually agreeable proposed briefing schedule for both parties, but Appellants declined and oppose the requested extension.

There are multiple reasons why Appellees require additional time to prepare this brief:

*First*, this case presents complex issues involving novel and technical questions of statutory interpretation in the complicated context of state and federal banking regulation, as the lengthy and thoughtful discussions by the district court, the panel majority, and the dissent make clear. *See Nat'l Ass'n of Indus. Bankers v. Weiser*, 737 F. Supp. 3d 1113 (D. Colo. 2024), *rev'd*, 159 F.4th 694 (10th Cir. 2025), *reh'g granted and vacated*, --- F.4th ----, 2026 WL 900774 (10th Cir. 2026). And the specific questions the en banc court asked the parties to address may require additional thought and analysis.

*Second*, all three Appellees are trade associations. The need to coordinate among the Appellees' numerous members and co-counsel necessarily requires additional time.

*Third*, the Court has "encouraged" amicus participation. Dkt. 162 at 4. The requested extension would facilitate amicus participation and provide sufficient time for amici to prepare helpful and informative briefing.

*Fourth*, Appellees' counsel have personal conflicts during the existing briefing period, including previously scheduled vacations and leaves.

*Fifth*, Appellees' counsel also face numerous intervening deadlines in other litigation matters. These include already-scheduled briefs, court hearings, and oral arguments, some of which are on an expedited timeline and cannot be rescheduled (or further rescheduled) at this juncture. Examples of upcoming deadlines in counsels' pending matters and unavoidable interim work include:

a. David Gossett, counsel of record for the Appellees, has a brief due in the D.C. Circuit on April 15 in *American Electric Power Serv. Corp. v. FERC*, No. 24-1361 (D.C. Cir.); an amicus brief due in the Ninth Circuit on April 29 in *Amazon.com Services, Inc. v. Perplexity AI, Inc.*, No. 26-1144 (9th Cir.); must prepare for a Ninth Circuit argument on May 19 in *UPM Tech., Inc. v.*

*FCC*, No. 25-227 (9th Cir.); is assisting co-counsel prepare for an oral argument on April 16 in *PJM Transmission Owners v. FERC*, Nos. 25-1064, 25-1100 (D.C. Cir); and has various other client work and preexisting professional engagements over the next month.

b.   Other counsel involved in preparing Appellees' supplemental brief also have multiple pending deadlines, including:

i.   Briefing deadlines or evidentiary hearings in confidential arbitrations on April 3, April 8-10, April 14-15, April 21-22, May 1, and May 4, 2026.

ii.   Filings due on April 24, 2026 in USDA administrative proceedings *In re Aurora Organic Dairy Corp.*, 25-J-0061; *In re Cooperative Regions of Organic Producer Pools d/b/a Cropp*, 25-J-0062; and *In re Horizon Organic Dairy, LLC*, 25-J-0063.

iii.   An answer to a petition for mandamus due April 13, 2026, in *Cho et al. v. United States District Court for the Central District of California*, No. 26-364, in the United States Court of Appeals for the Ninth Circuit.

iv.   A reply in support of a motion to exclude experts due April 16, 2026, in *Felix v. Staples Contract & Commercial LLC et al.*, No. 5:24-cv-01968-KK (SPx), in the United States District Court for the Central District of California.

v.   Confidential work to enforce a settlement agreement in *Peter Johnson et al v. Los Angeles County Sheriff's Department et al.*, No. 2:08-cv-03515-MWF-Ex, in the United States District Court for the Central District of California.

vi.   Confidential work to enforce discovery rights in *Slakey Brothers, Inc. v. John Standley et al.*, No. CV25-00600, in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.

Given Appellees' expectation that this case will likely not be set for oral argument before the Court's September Session (which starts on September 14, 2026), Appellees reached out to the State to discuss proposing a briefing schedule for all of the supplemental briefs. The State refused to agree to such, and opposes this motion. Their explanation, which Appellees offered to include in this motion, was:

> Our understanding is that the matter is not currently set for hearing. If it is set, we believe there is a possibility the court may hear the case before September, including through a special en banc hearing. Our office is also the party currently enjoined, and additional delay harms us. Lastly, the existing schedule aligns with our team's planned absences.[1] For these reasons, we oppose the proposed extension of the briefing schedule.

*****

Appellees thus respectfully request that the Court grant Appellees a 24-day extension of time, to and including May 28, 2026, in which to file their Supplemental Brief.

---

[1] Appellees had offered to discuss adjusting their proposed schedule to accommodate any conflicts for the State's counsel.

Respectfully Submitted,

|  | /s/ David M. Gossett |
| --- | --- |

MATTHEW E. LADEW
Davis Wright Tremaine LLP
350 S Grand Avenue
27th Floor
Los Angeles, CA 90071
(213) 633-6800
mattladew@dwt.com

CHRIS SWIFT
Davis Wright Tremaine LLP
560 SW 10th Avenue
Suite 700
Portland, OR 97205
(503) 276-5505
chrisswift@dwt.com

DAVID M. GOSSETT
ANGELENE G. SUPERABLE
Davis Wright Tremaine LLP
1301 K Street NW
Suite 500 East
Washington, D.C. 20005
(202) 973-4200
davidgossett@dwt.com
angelenesuperable@dwt.com

ED PERLMUTTER
Holland & Knight LLP
1801 California Street
Suite 5000
Denver, CO 80202
(303) 974-6552
ed.perlmutter@hklaw.com

*Attorneys for the Appellees*

MORGAN L. RATNER
Sullivan & Cromwell LLP
1700 New York Avenue NW
Washington, D.C. 20006
(202) 956-7500
ratnerm@sullcrom.com

MATTHEW A. SCHWARTZ
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
(212) 558-4000
schwartzmatthew@sullcrom.com

*Attorneys for the American Fintech Council*

April 9, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in 14-point Century Schoolbook, a proportionally spaced font. I further certify that the motion complies with the type-volume limitations of Rule 27(d)(2)(A) because—according to the word-count function of Microsoft Word—it contains 850 words, excluding the parts exempted by Rule 32(f).

*/s/ David M. Gossett*
David M. Gossett
